Opinion by JOHNSON, J. For the reasons stated in *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C. D. 1155), the claim of the plaintiffs was sustained. The protests were overruled in all other respects.

**No. 52985.**—Many Blanc & Co., Inc., and Schenley Import Corp. v. United States, protests 132437–K/1240 and 132276–K/1237 (Chicago).

Opinion by JOHNSON, J. For the reasons stated in *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C. D. 1155), the claim of the plaintiffs was sustained. The protests were overruled in all other respects.

MARCH 28, 1949

**No. 52986.**—SUIT 4589.—United States v. Goldberg & Seltzer, Inc.—     —C. D. 1073 affirmed February 1, 1949. C. A. D. 399.

MARCH 29, 1949

**No. 52987.**—SUIT 4593.—United States v. Colonial Bead Co., Inc.—     —C. D. 1086 affirmed February 1, 1949. C. A. D. 401.

BEFORE THE FIRST DIVISION, APRIL 5, 1949

**No. 52988.**—John V. Carr & Son, Inc. v. United States, protest 136247–K (Detroit).

Opinion by COLE, J. It was stipulated that the merchandise is the same in all material respects as the concentrated ox gall the subject of *G. D. Searle & Co.* v. *United States* (21 Cust. Ct. 112, C: D. 1138). The claim for free entry under paragraph 1669 was therefore sustained.

BEFORE THE THIRD DIVISION, APRIL 5, 1949

**No. 52989.**—Givilliam Manufacturing Co. et al. v. United States, protests 47371–K, etc. (Philadelphia).

Opinion by EKWALL, J. It was stipulated that the issue herein is the same in all material respects as that presented in *Mamary Bros., Inc.* v. *United States* (21 Cust. Ct. 135, C. D. 1142). In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries involved. The protests were sustained to this extent.

**No. 52990.**—European Type Founders, Inc., et al. v. United States,. protests 51635–K, etc. (New York).

Opinion by EKWALL, J. It was stipulated that the issue herein is the same in all material respects as that presented in *Mamary Bros., Inc.* v. *United States* (21 Cust. Ct. 135, C. D. 1142). In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries involved. The protests were sustained to this extent.

**No. 52991.**—Simon Ackerman, Inc., et al. v. United States, protests 62968–K, etc. (New York).

Opinion by EKWALL, J. It was stipulated that the issue herein is the same in all material respects as that presented in *Mamary Bros., Inc.* v. *United States* (21 Cust. Ct. 135, C. D. 1142). In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries involved. The protests were sustained to this extent.

**No. 52992.**—F. A. MacCluer, Inc., et al. v. United States, protests 63352–K, etc. (New York).

Opinion by EKWALL, J. It was stipulated that the issue herein is the same in all material respects as that presented in *Mamary Bros., Inc.* v. *United States* (21 Cust. Ct. 135, C. D. 1142). In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries involved. The protests were sustained to this extent.